UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CALVIN JESSE HICKS,

        Petitioner,

v.                                           Case No. 20-cv-725-pp

LIZZIE TEGELS,[1]

        Respondent.

---

## ORDER SCREENING PETITION AND DISMISSING CASE WITHOUT PREJUDICE

---

On May 12, 2020, the petitioner, who currently is incarcerated at Jackson Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2020 conviction for attempted first-degree intentional homicide, first-degree reckless injury, possessing a firearm as a convicted felon and operating a vehicle without the owner's consent. Dkt. No. 1; see also State v. Hicks, Milwaukee County Case No. 19CF000766 (available at https://wcca.wicourts.gov). On July 12, 2021, the petitioner paid the $5.00 filing fee.

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Jackson Correctional institution. https://appsdoc.wi.gov/lop/home.do. This order reflects Warden Lizzie Tegels as the respondent.

1

This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because the petitioner filed his petition prematurely, the court will dismiss it without prejudice.

## I. Background

The petition refers to Milwaukee County criminal case "2019CF000766." Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. See Hicks, Milwaukee County Case No. 2019CF000766. It reflects that on February 21, 2019, the State of Wisconsin filed a criminal complaint against the petitioner in Milwaukee County Circuit Court. Id. On February 24, 2020, a jury found the petitioner guilty of attempted first-degree intentional homicide, first-degree reckless injury, possession of a firearm as a felon and operating a vehicle without the owner's consent. Id. It found him not guilty of fleeing or eluding an officer resulting in damage to property. Id. On May 12, 2020, the petitioner filed this federal *habeas* petition. Dkt. No. 1. Two months later, on July 16, 2020, the state court sentenced the petitioner to nineteen years of initial confinement followed by thirteen years of extended supervision. Hicks, Milwaukee County Case No. 2019CF000766. The court entered judgment on July 16, 2020. Id. Four days later, the petitioner filed a notice of intent to pursue postconviction relief. Id. The docket indicates that as of the date the petitioner filed this federal *habeas* petition (May 12, 2020), he had not filed a notice of appeal or a postconviction motion, id., and the petitioner indicated in the federal *habeas* petition that he had not appealed, dkt. no. 1 at 3.

The public docket for the state case shows that on April 13, 2022, the petitioner filed a notice of appeal. Hicks, Milwaukee County Case No. 2019CF000766. The record was compiled as of April 25, 2022 and transmitted to the clerk of the court of appeals the same day. Id. The appeal now is pending, under Appeal No. 2022AP608-CR. Id.

**II.     Rule 4 Screening**

   A.     Standard

Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed the petition within the limitation period, whether he exhausted his state court remedies and whether he avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the state court judgment becoming final. 28 U.S.C. §2254(d)(1)(A). The state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal

3

petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included in his petition an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition asserts ten grounds for relief: (1) the petitioner spent more than ten days in custody before receiving a preliminary hearing, dkt. no. 1 at 6; (2) the State improperly charged the petitioner with both attempted homicide and reckless injury regarding the same victim in violation of "[Double Jeopardy] or . . . cruel and unusual punishment," id. at 7; (3) "[b]oth victims testified that [the petitioner] was not the person who committed the crimes," id. at 8; (4) ineffective assistance of counsel, id. at 10; (5) a witness for the prosecution lied during the petitioner's trial, id. at 9; (6) the petitioner's "fingerprints or dna was not found on the weapon," id. (7) "the DA edited [the petitioner's] jail calls to make it seem like [the petitioner] was talking about something else," id.; (8) "[t]he DA told the jury that victims lie to protect there ofenders all the time before the victims took the stand," id.; (9) the petitioner "was found not guilty of the fleeing and illuding, and the same person who shot the victim took the

4

car and went on a chase how can [the petitioner] be guilty of one and not the other," id.; and (10) "Detective Juarez sat through the who trial and was allowed to testify at the trial," id.

The petitioner raises grounds generally cognizable on federal *habeas* review. See, *e.g.*, Boyd v. Boughton, 798 F.3d 490, 493 (7th Cir. 2015) (considering double jeopardy claim on *habeas* review); Kidd v. Gomez, 2 F.4th 677, 680 (7th Cir. 2021) (considering an insufficiency of the evidence claim on *habeas* review); Trevino v. Thaler, 569 U.S. 413 (2013) (considering an ineffective assistance of trial counsel claim on *habeas* review); Moore v. Casperson, 345 F.3d 474, 494 (7th Cir. 2003) (considering on *habeas* review a claim that a prosecutor knowingly used false evidence); Evans v. Jones, 996 F.3d 766, 774 (7th Cir. 2021) (considering on *habeas* review a claim of prosecutorial misconduct based on improper statements); Mahaffey v. Schomig, 294 F.3d 907, 920–21 (7th Cir. 2002) (considering on *habeas* review a claim that a jury rendered inconsistent verdicts); Gacho v. Wills, 986 F.3d 1067, 1071 (7th Cir. 2021) (considering on *habeas* review a claim based on the right to a fair trial).

But there are several problems with the petition. The petitioner's first claim is that as a pretrial detainee, he spent more than ten days in custody before receiving a preliminary hearing. By the time the petitioner filed his petition, he no longer was a pretrial detainee; he had been convicted after a jury trial. The Seventh Circuit has held that once a petitioner has been

convicted, "the claims concerning his pre-trial confinement bec[o]me moot." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015).

The petitioner filed his federal *habeas* petition while his state criminal case was still pending. He filed the petition on May 12, 2020; the state court did not sentence him until July 16, 2020. Hicks, Milwaukee County Case No. 2019CF000766. There is a "longstanding public policy against federal court interference with state court proceedings . . . ." Younger v. Harris, 401 U.S. 37, 43 (1971). The plaintiff's federal *habeas* petition was premature because he filed it before his state criminal prosecution was concluded.

The petition also was filed before the petitioner had exhausted his state remedies. In the portion of the petition asking the petitioner whether he appealed his judgment of conviction, the petitioner marked "No." Dkt. No. 1 at 3. That makes sense—at the time the petitioner filed the federal petition, his conviction was not yet final because he had not been sentenced. So he could not have appealed his conviction at the time he filed this federal *habeas* petition. But it also means that the petitioner had not exhausted his state remedies as required by the federal *habeas* statute.

The exhaustion requirement gives the state an opportunity to pass upon and correct alleged violations of the federal rights of persons who are incarcerated by the state. Bolton v. Akpore, 730 F.3d 685, 694 (7th Cir. 2013). To exhaust his claims, "[a] petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v.

6

Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). To comply with this requirement, a petitioner must "fairly present" the claim in each appropriate state court. Bolton, 730 F.3d at 694-95. "The failure to present fairly each habeas claim in state court 'leads to a default of the claim[s] and bar[s] the federal court from reviewing the claim[s'] merits.'" Weddington, 721 F.3d at 456 (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010)). The courts call this circumstance "procedural default."

At the time he filed his petition, the petitioner had not been sentenced. He had not yet given the Wisconsin Court of Appeals or the Wisconsin Supreme Court the opportunity to review his claims. He is in the process of doing that now; he filed his notice of appeal in April of this year and that case is pending before the Wisconsin Court of Appeals. If he wins in the court of appeals, he likely will not need *habeas* relief. If he loses there, he may petition the Wisconsin Supreme Court for review. If that court declines his case, or if he loses before the Wisconsin Supreme Court, he then may file a federal petition for *habeas* relief.

The court will dismiss this case without prejudice. That means that once the petitioner has exhausted his claims at every level of the Wisconsin state courts, he may return to federal court and file a *habeas* petition.

### III. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Lizzie Tegels is the correct respondent.

7

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the petitioner prematurely filed the *habeas* petition and because he has not exhausted his state remedies. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**